**Electronically Filed
Supreme Court
SCPW-12-0000350
26-APR-2012
11:05 AM**

NO. SCPW-12-0000350

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

RONALD HANSON and KATHY HANSON, Petitioners,

vs.

THE HONORABLE GARY W.B. CHANG, JUDGE OF THE CIRCUIT COURT
OF THE FIRST CIRCUIT; THE HONORABLE CRAIG H. NAKAMURA, CHIEF
JUDGE OF THE INTERMEDIATE COURT OF APPEALS; and PALEHUA
COMMUNITY ASSOCIATION, Respondents.

_____

ORIGINAL PROCEEDING
(CIVIL NO. 09-1-1935-08; ICA NO. CAAP-10-0000080)

ORDER
(By: Nakayama, Acting C.J., Acoba, Duffy, and McKenna, JJ.,
and Circuit Judge Toʻotoʻo, in place of Recktenwald, C.J.,
recused)

Upon consideration of petitioners Ronald Hanson and

Kathy Hanson's petition for a writ of mandamus and the papers in

support, it appears that, as to the actions of the Intermediate

Court of Appeals in CAAP-10-0000080: (1) the January 12, 2011

order dismissing petitioners' appeal for lack of jurisdiction was

reviewable by this court by application for a writ of certiorari

filed pursuant to HRS § 602-59 (Supp. 2010) and HRAP 40.1, but no

application was filed; (2) the April 6, 2011 award of attorney's

fees and costs was authorized by HRS § 607-14, the Declaration of

Covenants, Conditions and Restrictions, Article III, Section

7.02, and HRAP 39(a), and petitioners fail to demonstrate that the amount of fees and costs awarded was unreasonable; and (3) the August 4, 2011 order correctly struck petitioners' motions filed six months after the dismissal of petitioners' appeal.

It further appears that, as to the actions of the respondent circuit judge in Civil No. 09-1-1935: (1) entry of final judgment pursuant to HRCP 54(b) on some of the parties' claims was within the respondent judge's discretion and the denial of HRCP 54(b) certification was not a flagrant and manifest abuse of discretion, and (2) all orders on all of the parties' motions will be appealable by petitioners upon entry of a final judgment. Therefore, petitioners are not entitled to mandamus relief. See Kema v. Gaddis, 91 Hawai'i 200, 204, 982 P.2d 334, 338 (1999) (A writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action. Such writs are not intended to supersede the legal discretionary authority of the lower courts, nor are they intended to serve as legal remedies in lieu of normal appellate procedures. Where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in

2

which it has a legal duty to act.).  Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED:  Honolulu, Hawaiʻi, April 26, 2012.

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ James E. Duffy, Jr.

/s/ Sabrina S. McKenna

/s/ Faʻauuga Toʻotoʻo

3